In the Matter of the Petition of CATHERINE BELTON, etc., Substituted in Place of TERESA DEMPSEY, to Prove the Last Will and Testament of THOMAS DEMPSEY, Late of the County of Kings, Deceased. CATHERINE BELTON, Individually and as Executrix and Devisee, etc., of TERESA DEMPSEY, Deceased, and as Administratrix de Bonis Non with the Will Annexed of THOMAS DEMPSEY, Deceased, Respondent; JAMES J. RYAN, Executor and Trustee Named in the Will of THOMAS DEMPSEY, Deceased, Dated June 8, 1921, Appellant.— Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs to respondent payable by appellant personally. No opinion. Present — Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ.

In the Matter of the Application of FLOYD MACKEY for a Peremptory Mandamus Order against MILLARD A. HALLETT, Justice of the Peace of the Town of Ramapo. CONRAD EDENHOFER and MILLARD A. HALLETT, Appellants; FLOYD MACKEY, Respondent.— Order modified so as to direct an alternative order of mandamus and, as so modified, unanimously affirmed, without costs. The record shows an issue of fact as to whether the parties agreed to retry the case before Justice Woodworth. If this agreement was made the petitioner is not entitled to an order of mandamus. If it be determined that no such agreement was entered into, an order of mandamus may issue, as granted by the Special Term. The court is of opinion that Justice Hallett was without power to set aside the verdict and grant a new trial. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

In the Matter of the Estate of WILLIAM PFADENHAUER, Deceased. Application for Letters of Administration on the Goods and Chattels of the Deceased, by MARY MORGAN, the Only Surviving Daughter, Appellant; ELLIS T. TERRY, County Treasurer of Suffolk County, Respondent.— Decree of the Surrogate's Court of Suffolk county which, upon a reopening of the proceeding, denied the application of Mary Morgan, daughter of the decedent, for a vacatur of the letters of administration issued to the county treasurer, reversed upon the law and the facts, with costs to the appellant against the respondent, motion granted, without costs, and the application for the issuance of letters to the said Mary Morgan granted. The surrogate's finding that Mary Morgan is incompetent to perform the duties of administratrix and that she " lacks understanding sufficient so to do " is reversed, and a finding that she is competent to perform the duties is made. There is no evidence in this record to show that Mary Morgan is disqualified to act within the meaning of section 94 of the Surrogate's Court Act. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

JAMES KEON, Respondent, v. SAXTON & COMPANY, Appellant.— Order and judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

KINGSBORO MORTGAGE CORPORATION, Respondent, v. PERCY BOULEVARD CORPORATION and CONSOLIDATED INDEMNITY AND INSURANCE COMPANY, Appellants. THE PEOPLE OF THE STATE OF NEW YORK and Others, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.